# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2626

_____

Chinyere Jenkins, by her next friend,   *
Joi Jenkins; Nicholas Paul Winchester-            *
Rabelier, by his next friend, Paula     *
Winchester; Margo Vaughn-Bey, by her   *
next friend, Franklin Vaughn-Bey;   *
Nicholas C. Light, by his next friend,            *
Marian Light; Stephon D. Jackson, by   *
his next friend, B. J. Jones; Travis N.            *
P e t e r ,  by his next friend, Debora Chadd-        *

     Appeal from the United States

P e t e r ;  Leland Guess, by his next friend,         *

     District Court for the

Sharon Guess,                     *   Western District of Missouri.
                                *
     Plaintiffs - Appellees     *          (UNPUBLISHED)
                                *
American Federation of Teachers, Local            *
691,                           *
                                *
     Intervenor          *
                                *
     v.                *
                                *
State of Missouri; Mel Carnahan,     *
Governor of the State of Missouri; Bob            *
Holden, Treasurer of the  State of  *
Missouri; Missouri State Board of   *
Education; Peter Herschend, Member of   *
the Missouri State Board of Education;            *
Thomas R. Davis, Member of the     *
Missouri State Board of Education;   *
Robert E. Bartman, Commissioner of   *

Education of the State of Missouri; Rice          *
Pete Burns, Member of the Missouri   *
State Board of Education; Sharon M.     *
Williams, Member of the Missouri State          *
Board of Education; Betty Preston,   *
Member of the Missouri State Board of   *
Education; Jacquelline Wellington,   *
Member of the Missouri State Board of   *
Education; Russell   Thompson,       *
Member of the Missouri State Board of   *
Education; William Kahn, Member of   *
the Missouri State Board of Education,          *
                                         *

       Defendants - Appellants       *
                                         *

School District of Kansas City; Terry M.          *
Riley, Member of the Board of         *
Directors; Lance Loewenstein, Member    *
of the Board of Directors; Marilyn   *
Simmons, Member of the Board of      *
Directors; Sandy Aguire Mayer,      *
Member of the Board of Directors;    *
John A. Rios, Member of the Board of    *
Directors; Darwin Curls, Member of the          *
Board of Directors; Patricia Kurtz,     *
Member of the Board of Directors;    *
Edward J. Newsome, Member of the    *
Board of Directors; Henry D. Williams,          *
Superintendent; John   W. Still, Member          *
of the Board of Directors,        *
                                         *

       Defendants.               *

Submitted:  August 12, 1997

Filed:   August 14, 1997

Before McMILLIAN, HEANEY, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

The State of Missouri appeals from an order of the district court granting fees and expenses to the Jenkins Class, including expert fees, for services rendered in the first three quarters of Year XII of the remedy. Those services included litigation of  the State's motions for unitary status and for approval of the State's agreement with the Kansas City, Missouri School District.  District Court Order of March 27, 1997.  In addition, the district court entered a stay of execution pending appeal. District Court Order of May 14, 1997.  We affirm the order granting fees and expenses to the Jenkins Class.[1]

The district court held that the KCMSD was not yet unitary, but nevertheless approved the agreement between the State and the KCMSD. Jenkins v. Missouri, 959 F. Supp. 1151 (W.D. Mo.), aff'd, 1997 WL 456549, No. 97-1968, 97-2078 (8th Cir. Aug. 12, 1997).  The State argues that the fee award should be reduced because the Jenkins Class failed to prevent dismissal of the State from the litigation.  The district court found that the issues were interrelated, Order of  March 27, 1997, slip op. at 7,

_____

[1]The Jenkins Class has moved to vacate the stay of execution.  In light of our decision, the motion is moot.

and awarded fees and expenses in the amounts of $17,034.41 for the first quarter of Year XII, id. at 6, $146,599.05 for the second quarter, id. at 8, and $313,943.85 for the third quarter, id. at 12. The district court found that the Jenkins Class had won "substantial relief" in the hearing and that the results could not be characterized as "only limited success." Id. at 7. The district court found that the Jenkins Class was in a defensive posture on these inter-related claims, slip op. at 6, which weighed in favor of awarding them fees under Association for Retarded Citizens v. Schafer, 83 F.3d 1008, 1011 (8th Cir. ), cert. denied, 117 S. Ct. 482 (1996). The district court's order on the motions for unitariness and approval of the agreement demonstrates the close inter-relationship between the issues pertaining to unitary status and approval of the settlement. Indeed, the district court's findings that the achievement gap had not been remedied, but was to be remedied within three years, and that the Green[2] factors, with the exception of extracurricular activities, would be unitary within two or three years, were essentially the factual findings undergirding the district court's approval of the settlement between the State and the KCMSD. The Jenkins Class prevailed on the unitariness issue, and we affirmed the district court's judgment. We cannot conclude that the district court erred in finding the Jenkins Class had earned "substantial relief" and was entitled to a fully compensatory fee.

The State argues that the district court erred in allowing the shifting of expert witness fees, contrary to West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83 (1991). The district court's order recited that plaintiffs had not claimed $17,359.10 in expert expenses that clearly related to litigation. Order of March 27, 1997, slip op.

---

[2]Green v. County School Bd., 391 U.S. 430 (1968).

at 9-10.  The State specifically objected to a fee of $982.50 for Robert Thaler's work in computational assistance for preparing an analysis of the vestiges of segregation for Dr. Robert Crain, and $11,275.00 for Dr. Crain and his associates for work that included scale construction and preparation of charts.  With respect to Thaler's services, the district court stated that the work was completed in December and included helping Dr. Crain in analyzing the vestiges of prior discrimination.  Slip op. at 10.  As one of the Jenkins Class's duties was assessing the status of  the KCMSD to monitor racial balance and racial attitudes, the court found that this expense was a reasonable cost for those monitoring activities.  Id. at 11.  With respect to the request for the work done by Dr. Robert Crain, the court reduced the request by $1,000 for preparation of charts, which was clearly litigation-related activity, and found that the other categories of expense, $10,275, were reasonable monitoring activities.  The court allowed a payment of $1,380 for a video production that the Jenkins Class counsel used at the unitariness hearing.  It found that the video showed a teaching method that the Jenkins Class had mentioned throughout the proceedings, and the video was useful because it gave form and substance to an abstract teaching method.  Id. at 11-12.

The State argues that the expert witness fees of Dr. Crain are not recoverable because 42 U.S.C. § 1988 (b) (1994), as interpreted in Casey, gives no authority to shift expert fees for either testimonial or non-testimonial work.  We are persuaded, however, that the district court did not err in concluding that Dr. Crain's work was monitoring activity, which the Jenkins Class has the responsibility to conduct and for which it has the right to be compensated.  See Jenkins v. Missouri, 967 F.2d 1248, 1251 (8th Cir. 1992) ("Monitoring implementation of the remedy is a crucial part of the plaintiffs' function in these cases . . .").

The State also appeals the award of 13.5 hours for legal research on the Equal Educational Opportunities Act. These fees total $877.50. The district court found that attorneys often research different courses to follow in litigation efforts, and the hours were not excessive for a path that "did not lead where plaintiffs thought it might." Order of March 27, 1997, slip op. at 9. We reject the State's argument.

We affirm the fees awarded for the first, second and third quarters of Year XII in the amounts which we have catalogued above.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.